IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

```
UNITED STATES OF AMERICA,      )
                               ) FINDINGS OF FACT, CONCLUSIONS
               Plaintiff,      )      OF LAW AND ORDER
                               )
      vs.                      )  C/A No. 8:05-510 HMH
                               )
Audrey Lewis, The South Carolina)
Department of Revenue,         )
                               )
               Defendant(s).   )
```

This action is brought by the United States of America to foreclose a real estate mortgage. Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Audrey Lewis and the **answer of The South Carolina Department of Revenue**, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Saluda County, South Carolina on February 7, 2005, in Book 2005, at Page 11, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipt of Summons and Complaint on file herein. No answer or other defense has been filed by the defendant, Audrey Lewis and default was entered on November 17, 2005, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendant, Audrey Lewis, since entry of default.

1

On or about July 10, 1984, for value received, Kevin L. Lewis made, executed and delivered to the United States of America, acting through the Rural Economic and Community Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby he promised to pay the United States of America, acting through the Rural Economic and Community Development, United States Department of Agriculture, the principal sum of $36,500.00 with interest from date at the rate of 11 7/8 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $370.00 on November 10, 1984, and equal and successive installments in the sum of $370.00 thereafter on the 10th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about July 10, 1984, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Kevin L. Lewis executed in favor of the United States of America, acting through the Rural Economic and Community Development, United States Department of Agriculture, and its assigns, a mortgage whereby he granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate

situated in the County of Saluda, State of South Carolina, to-wit:

> All that piece, parcel or tract of real property containing l.00 Acre, situate, lying and being in Saluda School District #l, county of Saluda, State of south Carolina and more specifically shown as Parcel A and B by Plat of George S. Todd, R.L.S. #7409, dated the 24th day of September, l984, and recorded in the Office of the Clerk of Court for Saluda County, State of South Carolina in Plat Book 25, at Page l52 and bounded s follows:  North by lands of Lewis for a distance of 276.27 feet; East by lands of Crawford for a distance of l54.77 feet, South by lands of Crawford for a distance of 282.87 feet; and West by Right-of-Way for South Carolina State Highway S-4l-78 for a distance of l52.l0 feet.
>
> This being the identical piece, parcel or tract of real property conveyed to Audrey Lewis by Kevin L. Lewis by Deed dated February 6, l987, recorded in Book l24, at page 9, in the Office of the Clerk of Court for Saluda County, S.C.
>
> Tax Map No. 58-5l

The mortgage was duly recorded in the Office of the Clerk of Court for Saluda County, South Carolina, on October l9, l984, in Book ll9, Page 69.

In said mortgage the maker covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property,

plus taxes and special assessments as provided in said mortgage.

On April 22, 1987, Audrey Lewis, executed an assumption agreement wherein she assumed the indebtedness of Kevin L. Lewis.

The aforesaid note and mortgage are in default and the defendant, Audrey Lewis has failed and refused to reinstate the note account to a current status, although due demand has been made upon him to do so.  The plaintiff has elected to declare the entire amount due upon said note and mortgage, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $48,760.50, as of February 11, 2004, with a daily interest accrual thereafter at the rate of $8.3966, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **THE SOUTH CAROLINA DEPARTMENT OF REVENUE,** is made a party to this action by reason of a tax lien filed against Audrey Lewis on October 6, 2003, in Judgment Roll #26737 in the amount of $1,977.14.  Said lien is junior in priority to the mortgage lien fo the plaintiff.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgage foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That defendants, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgage be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Saluda County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **STANDARD-SENTINEL**, a newspaper regularly issued and of general circulation in Saluda County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a

deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder. The plaintiff may become a purchaser at the sale or any resale. Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved

by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) in possession  to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.  The United States Marshal (or his deputies) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

                S/ Henry M. Herlong, Jr.
                UNITED STATES DISTRICT JUDGE

Greenville, S. C.

January 4, 2006

WE CONSENT:

S.C. DEPARTMENT OF REVENUE


By:<u>/s/Joe S. Dusenbury, Jr.</u>
    Joe S. Dusenbury, Jr., F.ID #5197
    Counsel For Revenue Litigation
    301 Gervais Street, P.O.Box 125
    Columbia, S.C. 29214